(C.D. 2710)

DAVAR PRODUCTS, INC. *v.* UNITED STATES

United States Customs Court, Second Division

(Decided June 13, 1966)

*Siegel, Mandell & Davidson* (*Allan Kamnitz* of counsel) for the plaintiff.
*John W. Douglas,* Assistant Attorney General (*Harold Grossman,* trial attorney), for the defendant.

Before RAO, FORD, and RICHARDSON, Judges

RICHARDSON, Judge: The merchandise of this protest is described on the invoice as "B/O. Carver w/out Battery." By way of amendment of the protest, it is claimed that the knife blade portion of the above described article is dutiable at 5½ cents and 27½ per centum ad valorem under 19 U.S.C.A., section 1001, paragraph 354 (para-

graph 354, Tariff Act of 1930), as modified, and that the handle portion of the article is dutiable at 12½ per centum ad valorem under 19 U.S.C.A., section 1001, paragraph 353 (paragraph 353, Tariff Act of 1930), as modified.

During the course of the trial, a concession was made by the Government as follows:

MR. GROSSMAN: Last month, if it please the Court, this case was called for trial and the trial has commenced. It was the impression of all parties concerned that the merchandise before the Court was as described on the invoice, the invoice description being a battery operated carver. Since Government counsel commenced its cross-examination, it became apparent that the merchandise covered by the protest being heard was not a battery operated carver and on the contrary, it gave all the appearance of merely being a blade. I think it was referred to as a hand blade. There ensued quite a confusion and the Court suggested that the case be continued for the purpose of researching the matter and seeing what was the merchandise at bar. Incidentally, I might state it had been agreed that a battery operated carver, Exhibit 1, was representative of the imported merchandise. I have had the matter thoroughly researched and I have been advised by Examiner Brosnihan that the Government is now convinced that the actual merchandise covered by Protest 65/6930 was not a battery operated carver as described in the official papers filed by the importer, but actually was merely a blade. Under the circumstances, the Government is prepared to concede that the blades involved in Protest 65/6930 are properly classifiable as blades under Paragraph 354 at 5½ cents plus 27½ per cent as claimed by the protestant.

In view of the Government's concession as to the identity of the merchandise before the court and its proper classification, which concession was accepted by the plaintiff, we hold that the claim that the knife blade is dutiable at 5½ cents and 27½ per centum ad valorem under paragraph 354 is sustained. As to all other merchandise and claims, the protest is dismissed.

Judgment will be entered accordingly.